IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01597-PAB

ANTONIO L. WILSON,

      Applicant,

v.

J. WANDS, Warden,

      Respondent.

---

### ORDER DENYING APPLICATION FOR HABEAS CORPUS

---

This matter is before the Court on Applicant Antonio L. Wilson's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") [Docket No. 1]. Respondent filed an Answer to the Application [Docket No. 18]. Applicant has not filed a Traverse. After reviewing the pertinent portions of the record in this case including the Application and the Answer, the Court concludes that the Application should be denied.

## I.    BACKGROUND

Applicant is currently incarcerated in the Federal Bureau of Prisons (BOP) at FCI Florence. Beginning in March 2008, Applicant was placed on supervised release in connection with his 2005 Minnesota state conviction for possession of cocaine. Docket No. 18, Ex. A at Attach. 1-2, 3-1. On September 11, 2008, Applicant was arrested in Hennepin County, Minnesota for drug possession. *Id.* at Attach. 1-2; *see also* Ex. A ¶ 8. The Minnesota Department of Corrections (MDOC) Hearings and Release Unit

(HRU) revoked Applicant's supervised release status and assigned "90 days accountability time" on September 25, 2008.  *Id.* at Attach. 1-2.

Applicant was released to the U.S. Marshals Service on October 22, 2008 pursuant to a writ of *habeas corpus ad prosequendum*.  *Id.* at Attach. 2-3; Docket No. 1 at 7.  While Applicant was in federal custody, the HRU held another hearing on December 8, 2008 and ordered that Applicant be detained until the expiration of his state sentence.  *Id.* at Attach. 1-1.  Applicant's Minnesota state sentence expired on August 18, 2009.  *Id.* at Attach. 2-1.

Applicant is currently serving a 70 month sentence imposed on January 28, 2010 by the United States District Court for the District of Minnesota for a narcotics offense.  *Id.* at Attach. 3-1.  Based on his confinement from August 19, 2009 through his federal sentencing on January 28, 2010, Applicant was credited with 162 days on his federal sentence.  *Id.* at Attach. 5-2.  Applicant's projected release date from the BOP is September 17, 2014.  *Id.*

## II.   APPLICATION

Applicant initiated this action by filing a *pro se* 28 U.S.C. § 2241 Application on June 17, 2011.  Docket No. 1.  After being ordered to file a preliminary response, Respondent informed the Court that he would not raise the affirmative defense of exhaustion of administrative remedies.  Docket No. 11.

Applicant appears to be challenging two similar but distinct aspects of his confinement: (1) the computation of his sentence pursuant to 18 U.S.C. § 3585(b), and (2) the imposition of his sentence pursuant to the United States Sentencing Guidelines

(USSG) § 5G1.3(b)(1).  Docket No. 1 at 6-8.  Under both challenges, Applicant alleges that the BOP has failed to apply the 414 days of detention credit that he earned from December 9, 2008 through January 28, 2010 to his federal sentence.  *Id*. at 7.  He therefore requests that the BOP be ordered to "adjust" his sentence downward by 414 days.  *Id*. at 9.

## III.    LEGAL STANDARD

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Here, Applicant correctly filed his Application challenging the computation of his sentence in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court,

however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Court should not be the *pro se* litigant's advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV.   ANALYSIS

### A.   Computation Pursuant to 18 U.S.C. § 3585(b)

When reviewing the computation of a federal prison sentence, a court must first "determine the commencement date of the federal sentence[.]"  *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006); 18 U.S.C. § 3585(a).  It is undisputed that Applicant's federal sentence commenced on January 28, 2010.  Docket No. 18, Ex. A ¶ 5.

The Court must next "turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of [a] sentence."  *Binford*, 436 F.3d at 1254.  Applicant contends that he is entitled 414 days of credit for the time period of December 9, 2008, when his 90-day "accountability time" from the first HRU hearing expired, through January 28, 2010, when his federal sentence began.  However, the BOP has already awarded Applicant 162 days of credit for his time in custody from August 19, 2009, when his state sentence expired, through January 27, 2010.  Docket No. 18, Ex. A at Attach. 5-2.  Accordingly, Applicant's habeas claim is actually for 252 days of credit (414 less 162), or the time period from December 9, 2008 through August 18, 2009.

4

Section 3585(b) of Title 18 of the United States Code provides that:

[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). A state court does not relinquish jurisdiction when, pursuant to a writ of *habeas corpus ad prosequendum*, it delivers a prisoner for federal prosecution. *Hernandez v. U.S. Attorney Gen.*, 689 F.2d 915, 918-19 (10th Cir. 1982). This court has denied habeas petitions seeking credit for a federal sentence where the prisoner was borrowed on a writ of *habeas corpus ad prosequendum* while serving a state sentence. *See, e.g.*, *Zaring v. Wiley*, No. 09-cv-00689-PAB-BNB, 2010 WL 5475641, at *2 (D. Colo. Dec. 30, 2010), *aff'd, Zaring v. Davis*, 426 F. App'x 644 (10th Cir. 2011); *Slaughter v. Daniels*, No. 10-cv-01057-LTB-KLM, 2011 WL 2149605, at *2-*3 (D. Colo. May 16, 2011).

Applicant asserts that after he was arrested on September 11, 2008, the State of Minnesota required him only to serve 90 days for his parole violation. Docket No. 1 at 7. Although the first HRU hearing on September 25, 2008 assigned Applicant 90 days

5

of accountability time, the HRU hearing on December 8, 2008 ordered his detention

until the expiration of his sentence on August 18, 2009, pending resolution of new

charges.  Docket No. 18, Ex. A at Attach. 1-1, 1-2, 2-1 (MDOC confirming August 18,

2009 as sentence end date).  Therefore, the time period from December 9, 2008

through August 18, 2009 was credited against his state sentence.  *Id.* at Attach. 5-2.

Section 3585(b) precludes crediting Applicant's federal sentence for the time

period from December 9, 2008 until August 18, 2009 because that period was credited

to his state sentence.  18 U.S.C. § 3585(b); *see Zaring*, 2010 WL 5475641, at *2.

Accordingly, Applicant has properly been given credit for all time served to which he is

entitled under 18 U.S.C. § 3585(b).  His federal sentence has not been executed

unlawfully, and he is not entitled to habeas relief on this issue.

**B.     Downward Adjustment Pursuant to USSG § 5G1.3(b)(1)**

Applicant also contends that his sentence should be adjusted downward

pursuant to United States Sentencing Guidelines § 5G1.3(b)(1).  Section 5G1.3(b)(1)

directs that "the court . . . adjust the sentence for any period of imprisonment already

served on the undischarged term of imprisonment if the court determines that such

period of imprisonment will not be credited to the federal sentence by the Bureau of

Prisons," provided that certain requirements of subsection (b) are met.  USSG

§ 5G1.3(b)(1).

However, a claim for a downward adjustment of a federal sentence is not

properly asserted in a § 2241 action.  Rather, the proper petition is one filed under 28

U.S.C. § 2255.  While a petition filed under 28 U.S.C. § 2241 attacks the execution of a

sentence, a "28 U.S.C. § 2255 petition attacks the legality of detention and must be

6

filed in the district that imposed the sentence." *Bradshaw,* 86 F.3d at 166 (citations omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Id.* (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.* (quoting *Johnson*, 347 F.2d at 366).  The United States Sentencing Guidelines are designed to provide a sentencing framework for courts.  *See generally*, USSG Ch.1 Pt. A at 2.  Accordingly, petitions for a downward sentence "adjustment" pursuant to the Sentencing Guidelines must necessarily be filed in the sentencing court. *See id.*  This court has previously found that requests for a reduction of sentence pursuant to § 5G1.3(b)(1) must be made by a § 2255 motion, unless that motion would be inadequate or ineffective.  *See, e.g., Kinslow v. Wands*, No. 11-cv-00524-LTB-BNB, 2011 WL 1322294, *3 (D. Colo. April 5, 2011).

Because there is no indication that a § 2255 motion filed in the District of Minnesota in case number 08-310 ADM/JJK would be inadequate or ineffective, *see Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), Applicant's request for a downward sentence adjustment pursuant to § 5G1.3(b)(1) is not appropriate in this action.  *Id.*; *DeWilliams v. Davis,* 369 F. App'x 912, 914 (10th Cir. 2010).  Therefore, Applicant is not entitled to federal habeas relief on his second claim.

**V.      EVIDENTIARY HEARING**

The issues presented in the Application exclusively concern issues of law; the general facts necessary to determine those issues are not in dispute and are already contained in the record.  Accordingly, an evidentiary hearing in this regard is not required.  *See generally*, 28 U.S.C. § 2243 (when entertaining an application for *habeas corpus*, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).  Accordingly, it is

ORDERED that Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is denied.  It is further

ORDERED that this case is dismissed with prejudice.


DATED October 21, 2011.

                                                    BY THE COURT:


                                                     s/Philip A. Brimmer
                                                    PHILIP A. BRIMMER
                                                    United States District Judge